# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | |
|---|---|
| JEAN D'AGUILAR AS ADMINISTRATOR OF THE ESTATE OF O.D. SIMPSON, DECEASED, § § § § *Plaintiff*, § § v. § § STARSTONE NATIONAL INSURANCE COMPANY, WELLINGTON INSURANCE GROUP, INC. AND WELLINGTON CLAIM SERVICE, INC., § § § § § § *Defendants*. § | CIVIL ACTION NO. 1:20-CV-00078 JURY |

## STARSTONE NATIONAL INSURANCE COMPANY'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant STARSTONE NATIONAL INSURANCE COMPANY ("StarStone") files its Notice of Removal to the United States District Court for the Eastern District of Texas, Beaumont Division, on the basis of diversity of citizenship, improper joinder and amount in controversy, and respectfully shows the following:

### I. PROCEDURAL BACKGROUND

1. On January 27, 2020, Jean D'Aguilar as Administrator of the Estate of O.D. Simpson, Deceased ("Plaintiff" or "D'Aguilar") filed her Original Petition in a case styled *Jean D'Aguilar as Administrator of the Estate of O.D. Simpson, Deceased;* Cause No. A200028-C pending in the 128th Judicial District, Orange County, Texas.

2. StarStone received a copy of the Plaintiff's Original Petition on January 31, 2020.

3. StarStone files this notice of removal within 30 days of receiving Plaintiff's Original Petition. *See* 28 U.S.C. § 1446(b). This Notice of Removal is being filed within one year of the commencement of this action. *see id.*

4. All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. § 1446(a).

5. Attached hereto are copies of the following documents:

- **Exhibit 1:** Plaintiff's Original Petition;
- **Exhibit 2:** Citation upon StarStone National Insurance Company;
- **Exhibit 3:** Citation upon Wellington Claim Service, Inc.;
- **Exhibit 4:** Citation upon Wellington Insurance Group, Inc.;
- **Exhibit 5:** Defendants StarStone National Insurance Company, Wellington Insurance Group, Inc. and Wellington Claim Service, Inc.'s Original Answer to Plaintiff's Original Petition;
- **Exhibit 6:** List of Parties, Counsel and Other Information.

## II. BASES FOR REMOVAL

6. Removal is proper based on diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

**A. Plaintiff and Defendant StarStone are diverse.**

7. **Plaintiff,** Jean D'Aguilar as Administrator of the Estate of O.D. Simpson, Deceased, is an individual residing in Cypress, Texas. The subject property is located at 2973 Byley Blvd., Orange, Orange County, Texas 77630.

8**.**     **Defendant,** StarStone National Insurance Company, is a foreign company with its principal business located at Harborside 5, 185 Hudson Street, Suite 2600, Jersey City, New Jersey. StarStone is authorized to transact business and has transacted business in Texas.

9.     Co-Defendant Wellington Claim Service, Inc. ("Wellington Claim") is a citizen of the State of Texas. Concerning the claims against Wellington Claim, however, it is StarStone's position that Plaintiff improperly joined Wellington Claim as a Defendant. Specifically, StarStone accepted Wellington Claim's liability pursuant to Chapter 542A.006 of the Texas Insurance Code **<u>before</u>** Plaintiff filed this lawsuit.  Therefore, as explained below, the Court must disregard Wellington Claim's Texas citizenship to evaluate diversity in this matter.

10.     Co-Defendant Wellington Insurance Group, Inc. ("Wellington Group") is an inactive Texas C Corporation and a direct subsidiary of WIG Holdings, Inc. and the parent company of Wellington Insurance Services, Inc. Concerning the claims against Wellington Group, however, it is StarStone's position that Plaintiff improperly joined Wellington Group as a Defendant. Specifically, StarStone accepted Wellington Group's liability pursuant to Chapter 542A.006 of the Texas Insurance Code **<u>before</u>** Plaintiff filed this lawsuit.  Therefore, as explained below, the Court must disregard Wellington Group's Texas citizenship to evaluate diversity in this matter.

11.     Thus, this lawsuit is between citizens of different states, and there is complete diversity of citizenship between Plaintiff and StarStone.

**B. Plaintiff improperly joined Defendant Wellington Claim Service, Inc. and Wellington Insurance Group, Inc. in this lawsuit.**

12.     For the claims against defendant adjusting company Wellington Claim, and holding company Wellington Group, it is StarStone's position that Plaintiff improperly joined Wellington Claim and Wellington Group in this action and they are, therefore, not a proper party to this

lawsuit. Consequently, the Court should disregard Wellington Claim and Wellington Group's Texas citizenship to evaluate diversity in this matter. The doctrine of improper joinder ensures that the presence of improperly joined, non-diverse defendants do not defeat federal removal jurisdiction premised on diversity. *See Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009). The removing party bears the burden of demonstrating improper joinder. *See id.* (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir.1999)).

13. The Fifth Circuit explained that a removing party could establish improper joinder by demonstrating either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir.2004) (*en banc*). Under the second method, the test for improper joinder is whether the defendant has demonstrated that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* at 573. The Fifth Circuit's *en banc* decision in *Smallwood* unequivocally adopted this phrasing as the test for fraudulent joinder. *Id.* ("To reduce possible confusion, we adopt this phrasing of the required proof and reject all others, whether the other appear to describe the same standard or not").

14. A court may resolve the issue of whether a plaintiff has a reasonable basis of recovery in one of two ways. *Id.* "The court may [either] conduct a Rule 12(b)(6)-type analysis ... [or], in its discretion, pierce the pleadings and conduct a summary inquiry." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp.*, Ltd., 2016 WL 1274030, at *8 (5th Cir. Mar. 31, 2016) (quoting *Smallwood*, 385 F.3d at 573). "Certainly a court may choose to use either one of these two analyses, but it must use one and only one of them, not neither or both." *Id.* at *7.

15. If a court chooses to apply the 12(b)(6) analysis, then it will initially look "at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573. However, in *Int'l Energy Ventures Mgmt., L.L.C.*, the Fifth Circuit recently opined that this particular language of *Smallwood* "must not be read to imply that a state pleading standard applies." *Int'l Energy Ventures Mgmt., L.L.C.*, at *7. The court further stated that "the *Smallwood* opinion unequivocally announced its own test for improper joinder under the second 'way' immediately thereafter," which did not include the in state court language.[1] *Id.* Thus, if a federal court chooses to conduct a Rule 12(b)(6)-type analysis to determine whether there is no reasonable basis to predict that a plaintiff might be able to recover against a non-diverse defendant, then the court must "apply the federal pleading standard embodied in that analysis." *Id.* at *8. Because "the Rule 12(b)(6) analysis necessarily incorporates the federal pleading standard articulated in *Bell Atlantic Corp. v. Twombly*: 'To pass muster under Rule 12(b)(6), [a] complaint must have contained 'enough facts to state a claim to relief that is plausible on its face.''" *Id.* at *3 (quoting *Reece v. U.S. Bank Nat'l Ass'n*, 762 F.3d 422, 424 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (U.S. 2007).

16. On August 6, 2019, StarStone accepted liability for its agents in the event Plaintiff filed suit regarding this insurance dispute. Despite StarStone's acceptance of liability **before** the filing of this lawsuit by Plaintiff on January 27, 2020, Plaintiff named Wellington Claim and Wellington Group as parties. Plaintiff's attempt to name Wellington Claim and Wellington Group violates Tex. Ins. Code 542A.006. Specifically, Chapter 542A.006 provides:

---

[1] The *Smallwood* test is "whether the defendant has demonstrated that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *See Smallwood*, 385 F.3d. at 573. This test does not mention a state pleading standard.

(a)  Except as provided by Subsection (h), in an action to which this chapter applies, an insurer that is a party to the action may elect to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant.

(b)  If an insurer makes an election under Subsection (a) before a claimant files an action to which this chapter applies, no cause of action exists against the agent related to the claimant's claim, and, if the claimant files an action against the agent, the court shall dismiss that action with prejudice.

17. Consequently, no causes of action can exist against Wellington Claim and Wellington Group under the expressed terms of Texas Insurance Code 542A.006. For these reasons, Plaintiff improperly joined Wellington Claim and Wellington Group, and complete diversity exists between Palomar and Plaintiff.

18. Based upon the preceding, it is clear that Plaintiff improperly joined Wellington Claim and Wellington Group in this lawsuit to defeat diversity jurisdiction.

### C. The Amount in Controversy Exceeds the Jurisdictional Requirements for Subject Matter Jurisdiction.

19. Plaintiff alleges that Defendants are liable under a residential insurance policy because Plaintiff made a claim under that policy and Defendants wrongfully adjusted and underpaid Plaintiff's claim. Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims. *See Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir.1998). An action in state court may be removed to federal court if "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. To establish diversity jurisdiction under 28 U.S.C. § 1332, the parties must be diverse, and the amount in controversy must exceed $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332; *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000). To determine whether jurisdiction is

present for removal, the claims in the state court petition are considered as they existed at the time of removal. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).

20. When a defendant seeks to remove a lawsuit on the basis of diversity jurisdiction, the federal court ordinarily determines the amount in controversy based on the specific "good faith" sum demanded by the Plaintiff in the state court petition. *See* 28 U.S.C. § 1446(c)(2); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) ("[U]nless the law gives a different rule, the sum claimed by the Plaintiff controls if the claim is apparently made in good faith."). But when, in contravention of state law, a Plaintiff specifically alleges that damages will not exceed the federal jurisdictional amount, the pleading is not made in good faith and the deference typically afforded the Plaintiff's pleading does not apply. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir.1995) (noting that "the face of the Plaintiff's pleading will not control if made in bad faith," and criticizing manipulative tactics by Plaintiffs that reduce the amount in controversy to avoid federal jurisdiction and removal).

21. Furthermore, Texas Rule of Civil Procedure 47(c) requires that Plaintiff pleads in certain predefined damage ranges: e.g., "only monetary relief of $100,000 or less," or "monetary relief over $100,000 but not more than $200,000." There is no provision in Rule 47 permitting a Plaintiff to plead for damages under $75,000.00 as Plaintiff has done here. [*See* Plaintiff's Original Petition, Paragraph 49.]

22. A removing defendant satisfies its burden of proof when it shows by a preponderance of the evidence that the amount in controversy actually exceeds the jurisdictional minimum at the time of removal. *De Aguilar,* 47 F.3d at 1408-11. A removing defendant can show the amount in controversy actually exceeds the jurisdictional minimum if "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000.00, or, (2) the defendant

sets forth "summary judgment type evidence" of facts in controversy that support a finding of the requisite amount." *See e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

23. Plaintiff has attempted to frustrate this Court's federal diversity jurisdiction as the Original Petition states Plaintiff seeks monetary relief "under $75,000." Plaintiff states her property damages are believed to be approximately $43,100.63 [*See* Plaintiff's Original Petition, Paragraph 18]. In addition, Plaintiff seeks also attorney's fees [*See* Plaintiff's Original Petition, Paragraphs 42, 43, 44, and 46], mental anguish [*See* Plaintiff's Original Petition, Paragraph 43], compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment, exemplary damages and damages for emotional distress [*See* Plaintiff's Original Petition, Paragraph 5]. Plaintiff also seeks unqualified compensatory damages for fraudulent and malicious representations [*See* Plaintiff's Original Petition, Paragraph 46] as well as three times her actual damages of $43,100.63 [*See* Plaintiff's Original Petition, Paragraph 43] and statutory interest, [*See* Plaintiff's Original Petition, Paragraph 44]. Given the nature of the case, Plaintiff's damage model exceeded the requisite jurisdictional threshold of $75,000 at the time of removal.

24. Because Texas law does not preclude a court or jury from awarding an amount greater than what a Plaintiff seeks in Plaintiff's pleadings and other filings, such an affirmation, without more, does not provide sufficient certainty that Plaintiff would not be able to recover more in state court than the amount Plaintiff would seek. *See Washington-Thomas v. Dial Am. Mktg., Inc.*, EP-12-CV-00340-DCG, 2012 WL 5287043, at *3 (W.D. Tex. Oct. 23, 2012)(not reported).

25. Since the Plaintiff requested attorney's fees, court costs, and additional damages allowed by the DTPA, and Texas Insurance Code, it was facially apparent from the petition, that

Plaintiff's damages would likely exceed the requisite $75,000 threshold at the time of removal. Furthermore, where a Plaintiff wants to prevent removal, a binding stipulation or affidavit **must be filed with their original complaint**. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.1995) (emphasis added) (citing *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir.1992) (per curiam)). Once the case has been removed by the defendant, later filings become "irrelevant" for determining jurisdiction. *Id.*; *Carrasquillo v. State Farm Lloyds*, 17 F. Supp. 3d 584, 586 (W.D. Tex. 2013).

26. StarStone has shown by the preponderance of the evidence that Plaintiff's amount in controversy likely exceeded the minimal jurisdictional threshold at the time of removal.

### III. THIS REMOVAL IS PROCEDURALLY CORRECT

27. StarStone received service of this lawsuit on January 31, 2020. Thus, StarStone is filing this Notice within the 30-day time period required by 28 U.S.C. § 1446(b).

28. Venue is proper in this District and Division under 28 U.S.C. §1446(a) because i) this District and Division include the county in which the state action has been pending, and ii) a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

29. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

30. Promptly after StarStone files this Notice of Removal, written notice of the filing will be given to Plaintiff pursuant to 28 U.S.C. §1446(d).

31. Promptly after StarStone files this Notice of Removal, a true and correct copy of same will be filed with the Clerk of the Liberty County District Court pursuant to 28 U.S.C. §1446(d).

32. Consent of an improperly joined defendant is not necessary for removal. Nonetheless, Wellington Claim Service, Inc. and Wellington Insurance Group, Inc. consent to this removal.

## IV. CONCLUSION

33. Based upon the foregoing, the exhibits submitted in support of this removal, and other documents filed contemporaneously with this Notice of Removal, Defendant, StarStone National Insurance Company hereby removes this case to this Court for trial and determination.

Respectfully submitted,

By: */s/ George Arnold*
**George H. Arnold,** *Attorney-in-Charge*
State Bar No. 00783559
garnold@thompsoncoe.com
**Susan Sparks Usery**
State Bar No. 18880100
susery@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, LLP
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8210
Facsimile: (713) 403-8299

**ATTORNEYS FOR DEFENDANTS STARSTONE NATIONAL INSURANCE COMPANY, WELLINGTON INSURANCE GROUP, INC., and WELLINGTON CLAIM SERVICE, INC.**

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 28, 2020, a true and correct copy of the foregoing instrument was delivered to all known counsel of record in accordance with the Federal Rules of Civil Procedure, and any applicable Local Rules, as follows:

John Cash Smith
SMITH LAW FIRM, PLLC
1006 Green Ave.
Orange, TX  77630
johncash@smithlawfirmtx.com
*Attorney for Plaintiff*

                                                */s/ George Arnold*
                                                George Arnold