Case 1:20-cv-00078-MAC Document 3 Filed 02/28/20 Page 1 of 12 PageID #: 28

Filed: 1/27/2020 11:55 AM
Vickie Edgerly, District Clerk
Orange County, Texas
Envelope No. 40292341
Reviewed By: Annette Vaughan

CAUSE NO. A200028-C

| | | |
|---|---|---|
| JEAN D'AGUILAR AS ADMINISTRATOR OF THE ESTATE OF O.D. SIMPSON, DECEASED | § § § § | IN THE DISTRICT COURT OF |
| vs. | § § | ORANGE COUNTY, TEXAS |
| STARSTONE NATIONAL INSURANCE COMPANY, WELLINGTON INSURANCE GROUP, INC., and WELLINGTON CLAIM SERVICE, INC. | § § § § § § | 128th JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION
AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES now JEAN D'AGUILAR AS ADMINISTRATOR OF THE ESTATE OF O.D. SIMPSON, DECEASED ("Plaintiff") and files this *Plaintiff's Original Petition*, complaining of STARSTONE NATIONAL INSURANCE COMPANY, WELLINGTON INSURANCE GROUP, INC. and WELLINGTON CLAIM SERVICE, INC., (hereinafter collectively referred to as "Defendants"), and for cause of action, Plaintiff would respectfully show this Honorable Court the following:

**DISCOVERY CONTROL PLAN**

1. Plaintiff intends to conduct discovery on a Level III discovery plan, and will file an agreed scheduling order with the Court as soon as is reasonably practical.

**PARTIES**

2. Plaintiff JEAN D'AGUILAR AS ADMINISTRATOR OF THE ESTATE OF O.D. SIMPSON, DECEASED, is an individual residing in Cypress, Texas.

1

EXHIBIT 1

3. Defendant STARSTONE NATIONAL INSURANCE COMPANY is an insurance company engaged in the business of insurance in Texas. This defendant has a designated agent in Texas on whom service of citation may be made in this cause. The causes of action asserted arose from or are connected with purposeful acts committed by this defendant. This defendant may be served with process by serving its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201-3140.

4. Defendant WELLINGTON INSURANCE GROUP, INC. is an insurance company engaged in the business of insurance in Texas. This defendant has a designated agent in Texas on whom service of citation may be made in this cause. The causes of action asserted arose from or are connected with purposeful acts committed by this defendant. This defendant may be served with process by serving its registered agent, Corporation Service Company D/B/A CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-4234.

5. Defendant WELLINGTON CLAIM SERVICE, INC. is an insurance company engaged in the business of insurance in Texas. This defendant has a designated agent in Texas on whom service of citation may be made in this cause. The causes of action asserted arose from or are connected with purposeful acts committed by this defendant. This defendant may be served with process by serving its registered agent, Corporation Service Company D/B/A CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-4234.

## JURISDICTION

6. The court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the court.

7. The court has jurisdiction over Defendants because these defendants are insurance companies that engages in the business of insurance in the State of Texas and Plaintiff's causes of action arise from the defendants' business activities in the State of Texas.

## VENUE

8. Venue is proper in Orange County, Texas, because the insured property is situated in Orange County, Texas. TEX.CIV. PRAC.&REM. CODE §15.032.

9. Plaintiff is seeking total monetary relief of under $75,000.00.

## NOTICE

10. The Plaintiff has met all notice requirements to Defendants, as required by the Texas Insurance Code.

## FACTS

11. Plaintiff is the owner of an insurance policy No. TNI-5833 (hereinafter referred to as "the Policy"), which was issued by Defendants.

12. The property is owned by the Estate of O.D. Simpson, and Plaintiff is the administrator of the estate. The insured property is specifically located at 2973 Byley Blvd, Orange, Texas 77630, Orange County, Texas, (hereinafter referred to as "the Property").

13. Defendants sold the Policy, insuring the Property, to Plaintiff.

14. On or about August 25, 2017, in the late evening going into the morning hours of

August 31, 2017, Hurricane Harvey struck Orange County, Texas, causing severe damage to homes and businesses throughout the Gulf Coast Region of Texas, including Plaintiff's property located at 2973 Byley Blvd, Orange, Texas 77630.

15. After the storm, Plaintiff filed an insurance claim with Defendants for the damages to the property caused by Hurricane Harvey.

16. Plaintiff submitted a claim to Defendants under the Policy for wind damage, roof damage, water and moisture damage throughout the entire home, including but not limited to, the ceilings, walls and insulation, and damage to the structure of the property sustained as a result of Hurricane Harvey.

17. Plaintiff asked that Defendants cover the cost of all repairs necessary to restore her Property pursuant to the Policy. Defendants assigned Michael Massey and Chris Coward as the individual adjusters and/or claims handlers.

18. As detailed herein below, Defendants wrongfully denied full payment of Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Additionally, Defendants continue to deny the full payment of the damages to the Property. As such, Plaintiff has not been paid in full for the damages to the property. Plaintiff's damages to her property are believed to be approximately $43,100.63. This amount may be adjusted upward or downward as facts are developed.

19. Defendants and their employee adjusters failed to perform their contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendants refused to pay the proceeds under the Policy, although due demand has been made for proceeds to be paid in an amount sufficient to cover the

damaged property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Defendants' conduct constitutes a breach of the insurance contract between Defendants and Plaintiff.

20. Defendants and their employee adjusters misrepresented to Plaintiff that the certain damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

21. Defendants' and their employee adjusters failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE. §541.060(a)(2)(A).

22. Defendants and their employee adjusters failed to explain to Plaintiff the reasons for their denial of her claim. Specifically, Defendants failed to offer Plaintiff adequate compensation, without a proper explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide an adequate explanation for the failure to adequately settle Plaintiff's claim. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

23. Defendants refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which

resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the Property. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

24. Defendants failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, Defendants have delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for her claim. Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims, TEX.INS.CODE §542, Subchapter B (including Sections 542.055, 542.056, 542.058).

25. From and after the time Plaintiff's claim was presented to Defendants, the liability of Defendants to pay the full claim in accordance with the terms of the Policy was reasonably clear if an adequate investigation had been made. However, Defendants have refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendants' conduct constitutes a breach of the common law duty of good faith and fair dealing.

26. Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

27. As a result of Defendants and their employee adjusters' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing him with respect to these causes of action.

28. Plaintiff's experience regarding her claim with Defendants is not an isolated case.

The acts and omissions Defendants committed in this case, or similar act and omissions, occur with such frequency that they constitute a general business practice of Defendants with regard to handling these types of claims. Defendants' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

29. Defendants and their employee adjusters' conduct constitute multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060. All violations under this article are made actionable by TEX.INS.CODE §541.151.

30. The unfair settlement practice of Defendants and their employee adjusters as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.

31. Defendants are liable to Plaintiff for common law fraud.

32. Each and every one of the representations, as described above, concerned material facts for the reason Plaintiff would not have acted and which Defendants and their employee adjusters knew were false of made recklessly without any knowledge of their truth as a positive assertion.

33. The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

34. Defendants and their employee adjusters are liable to Plaintiff for conspiracy to

7

commit fraud. Defendants and their employee adjusters were a member of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiff, Defendants and their employee adjusters committed an unlawful, overt act to further the object or course of action. Plaintiff suffered injury as a proximate result.

35. Defendants are liable to Plaintiff for intentional breach of contract as well as intentional violations of the Texas Insurance Code and intentional breach of good faith and fair dealing.

36. Defendants' conduct constitutes a breach of the insurance contract made between Defendants and Plaintiff.

37. Defendants' failure and refusal, as described above, to pay the adequate compensation as they are obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendants' insurance contract with Plaintiff.

38. Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiff's damages described herein.

39. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

40. Defendants are vicariously liable for the actions of their employee adjusters, including but not limited to Michael Massey and Chris Coward.

41. As previously mentioned, the damages caused by Hurricane Harvey rendered

8

Plaintiff's property substantially damaged. These damages have not been properly addressed or repaired in the months since the storm due to Defendants' failure to pay for the repairs, causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

42. For breach of contract, Plaintiff is entitled to regain the benefit of her bargain, which is the amount of her claim, together with attorney fees, penalties and interest.

43. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times her actual damages.

44. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of her claim, as well as ten (10%) percent interest per annum of the amount of such claim as damages, together with attorney's fees.

45. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

46. For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowing fraudulent and malicious representations, along with attorney's fees, interest and court costs.

47. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

49. For all damages to which Plaintiff is legally entitled. Plaintiff seeks under $75,000.00 in total.

### JURY DEMAND

50. Plaintiff hereby requests that all causes of actions alleged herein be tried before a jury consisting of citizens residing in Orange County, Texas, and tenders the appropriate jury fee.

## REQUEST FOR DISCLOSURE TO DEFENDANT WELLINGTON INSURANCE GROUP, INC.

51 Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant **WELLINGTON INSURANCE GROUP, INC.** disclose within fifty (50) days of the service of this request the information or material described in Rule 194.2 (a) - (l).

## REQUEST FOR DISCLOSURE TO DEFENDANT STARSTONE NATIONAL INSURANCE COMPANY

52 Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant **STARSTONE NATIONAL INSURANCE COMPANY disclose within fifty (50) days**

10

of the service of this request the information or material described in Rule 194.2 (a) - (I).

# REQUEST FOR DISCLOSURE TO DEFENDANT WELLINGTON CLAIM SERVICE, INC.

53  Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant **WELLINGTON CLAIM SERVICE, INC.** disclose within fifty (50) days of the service of this request the information or material described in Rule 194.2 (a) - (I).

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants STARSTONE NATIONAL INSURANCE COMPANY, WELLINGTON INSURANCE GROUP, INC. and WELLINGTON CLAIM SERVICE, INC. be cited to appear and answer, and upon trial hereof, Plaintiff has and recovers such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, both as to actual damages, treble damages under the Texas Insurance Code and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of court in her behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may show herself to be justly entitled.

Respectfully submitted,

SMITH LAW FIRM, PLLC

By_____
John Cash Smith
State Bar No. 18628000
1006 Green Avenue
Orange, TX 77630
(409) 886-7766
FAX (409) 886-7790
johncash@smithlawfirmtx.com
**ATTORNEYS FOR PLAINTIFF**